# N. Y. SUPERIOR COURT.

THE GORHAM MANUFACTURING COMPANY agt. WILLIAM G. FARGO, President of the American Merchants' Union Express Company.

Where a package contains money or coin, and its external appearance is in harmony with its contents, and, in connection with the size and weight of the package, indicates clearly that it is not one containing ordinary merchandise, and there is no claim that any verbal misstatement has been made by any one, or to any one, as to its contents, on its delivery to an express company or common carrier for transportation, the rule is that the consignor is not bound to volunteer any information to the carrier, or make any statement whatever as to its contents, unless he is asked by the carrier.

The carrier is bound to make the inquiry as to the value of the box or package delivered to him, and the owner must answer at his peril; and if such inquiries are not made, and it is received for such price for transportation as is asked with reference to its bulk, weight or external appearance, the carrier is responsible for the loss, whatever may be its value.

*General Term, March,* 1873.
*Before* MONELL *and* FREEDMAN, *JJ.,*

THIS action was brought for the loss of a package of silver coin, received by the American Merchants' Union Express Company for carriage.

The evidence on the trial established the following facts:

In June, 1869, plaintiff's agent purchased for account of the plaintiff from one Elliot, in Newburyport, Mass., a lot of Haytien silver coin, worth $339.90 in United States currency, which price the company paid him therefor. Elliot was directed to forward the coin by express to plaintiff, at Providence, R. I.

He packed the coin in a wooden box about seven to eight

inches long, and about five or six inches high and wide. The box was made of three-fourths or seven-eighths boards. The coin weighed nearly nineteen pounds, and, with the box, about twenty pounds. The box was rolled up in heavy brown paper, tied with heavy twine, and sealed with green sealing wax at every crossing of the twine, and on the knot where it was tied, stamped with a ten dollar gold piece. It was directed to plaintiff, Providence, Rhode Island, and delivered by Elliot to Gillett & Co., proprietors of the Newburyport and Boston Express.

Nothing was said as to the charges on the box. Gillett fixed the charge at what he thought proper, and collected it from the defendant. He charged twenty-five cents, which was the ordinary charge for merchandise, and less than the ordinary charge for coin. Elliot testified that he told Gillett that the box was a valuable one, and that it contained silver; but Gillett denied it, and also denied any knowledge as to its contents. Gillett & Co.'s driver delivered the package at Boston to the receiving clerk of the defendant, who paid the driver Gillett & Co.'s charge; and the driver delivered it to the defendant in the same manner in which he was accustomed to deliver ordinary merchandise. The driver had not been informed by Gillett and did not know what the package contained, or that it was valuable, and did not state what it contained; nor was he asked any questions.

Defendant's office in Boston contains two counters or departments, about thirty feet apart; one intended for money or valuable packages, the other for ordinary merchandise. The merchandise department is nearest the door; and the clerk at that counter is accustomed to ask the value of packages brought to him, and to send persons bringing money packages to the other counter. He did not ask the value of this package, because the person who brought it was an expressman. He inferred that it was merchandise from the sum which the previous carrier had charged. The package left defendant's Boston office about a quarter to three on that

. Gorham Manufacturing Company agt. Fargo.

day, and was never heard of after that time. Search was made, but it was never traced, and defendant was never able to find it.

Defendant also proved the custom of his company to take special care of money packages, and to charge a greater compensation therefor than for ordinary merchandise; that, by the act of the previous carrier in delivering it at the wrong counter, his company was led to believe, and did believe, that the package was not a valuable one, and was thereby led and induced to treat and care for the said package as ordinary merchandise, and not as a package of money, coin or valuables.

At the close of the testimony on both sides, the court held that there was no question for the jury to pass upon, and directed the jury to find a verdict for the plaintiff for $407.39; to which ruling and direction defendant's counsel excepted.

The jury rendered a verdict as directed, and the court ordered the entry of judgment to be suspended, and the exceptions to be heard in the first instance at general term.

THOMAS M. NORTH, *for plaintiff.*
BEARDSLEE & COLE, *for defendant.*

*By the court,* FREEDMAN, *J.*—The American Merchants' Union Express Company was, in respect to the package in question, a common carrier. The package was addressed to well known manufacturers of silver. There was no fraud, imposition, unfair concealment or disguise of the package, so as to entitle the defendant to claim the benefit of the rule laid down in *Warner* agt. *Western Transportation Company* (5 *Robt.*, 490). The external appearance of the package was in harmony with its contents, and, in connection with the size and weight of the package, indicated clearly that the latter was not one containing ordinary merchandise. No proof was adduced that coin is not commonly packed as this was; and there is no claim that any verbal misstatement was made

by any one or to any one in the matter. In such case the rule is that a consignor is not bound to volunteer any information to the carrier, or make any statement whatever, unless he is asked by the carrier.

The carrier is bound to make the inquiry as to the value of the box, or the articles delivered to him, and the owner must answer at his peril; and if such inquiries are not made, and it is received for such price for transportation as is asked with reference to its bulk, weight, or external appearance, the carrier is responsible for the loss, whatever may be its value.

Defendant's receiving clerk testified that it was the general rule to ask the question, "What is the value of this package?" and, if information was refused, not to decline carrying, as the company lawfully might, but to receive the package and to place on the receipt "Value asked; not given." But in this case he asked no questions and undertook to use his own judgment. And, finally, it should be pointed out that the defendant did not show under what circumstances the package was lost, or show that its loss resulted from the difference in care, which the company was accustomed to exercise toward merchandise and valuable packages.

From this it follows that, being a common carrier and having received the package without a special contract in limitation of the common-law liability, and the same having been lost while in the carrier's possession, but not through the act of God or of the public enemy, the company is liable for its value within the general rule as to the responsibility of common carriers; and as no request was made for the submission of the case, or of any particular question of fact involved therein to the jury, a verdict was properly directed in favor of the plaintiff (*Schroff* agt. *Bauer*, 42 *How.*, 348).

Defendant's exceptions should be overruled, and judgment absolute ordered for plaintiff on the verdict, with costs.

MONELL, *J.*, concurred.